# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 50459 | **DATE** | 3/19/2004 |
| **CASE TITLE** | CARRIZALES vs. BOARD OF EDUCATION | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated on the reverse Memorandum Opinion and Order, defendant's motion to dismiss is denied.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | | | | | |
|---|---|---|---|---|---|
| | No notices required, advised in open court. | | | number of notices | Document Number |
| | No notices required. | | | | |
| X | Notices mailed by judge's staff. | | | MAR 19 2004 | |
| | Notified counsel by telephone. | | | date docketed | 11 |
| | Docketing to mail notices. | | | | |
| | Mail AO 450 form. | | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | 3-19-04 | |
| | | | | date mailed notice | |
| /SEC | courtroom deputy's initials | | | | |
| | | Date/time received in central Clerk's Office | | mailing deputy initials | |

# MEMORANDUM OPINION AND ORDER

Plaintiff, Sylvia H. Carrizales, filed this action in state court against defendant, Board of Education of the Rockford School District, No. 205, alleging breach of her employment contract (Count I) and an action under 42 U.S.C. § 1983 claiming a denial of procedural due process in the termination of her employment (Count II). Defendant removed the case to this court pursuant to 28 U.S.C. § 1441 (a). Federal question jurisdiction is proper under 28 U.S.C. § 1331 over the § 1983 claim. The court has supplemental jurisdiction over the breach of contract claim pursuant to 28 U.S.C. § 1367. Defendant moves to dismiss under Fed. R. Civ. P. 12 (b) (6) for failure to state a claim upon which relief can be granted.

On a 12 (b) (6) motion to dismiss all well-pleaded allegations are taken as true, all reasonable inferences are drawn in plaintiff's favor, and dismissal is appropriate only "when there is no possible interpretation of the complaint under which it can state a claim." Flannery v. Recording Indus. Ass'n of America, 354 F.3d 632, 637 (7th Cir. 2004). Defendant argues plaintiff's Section 1983 claim is deficient because she does not allege a valid property interest in her employment and did not have any right to remediation. The complaint alleges that on or about July 1, 2000, plaintiff and defendant entered into a contract to employ plaintiff. Compl. ¶ 19. The contract was renewable on a yearly basis. Id. The contract was "memorialized in the minutes and records of [defendant], and said contract is under the terms and conditions of the Illinois School Code, and under the Rockford School district teachers contract." Id. The contract terms were that "of any other certified teacher and administrator covered by the terms and conditions of the [defendant's] teacher contract and the Illinois School Code." Id., ¶ 20. The contract was renewed yearly including through the 2002-03 school year. Id. Plaintiff received a Notice to Remedy and a warning on July 30, 2002. Id. ¶ 21. On or about September 24, 2002, she was mailed a Notice of Termination. Id. ¶ 22.

A public employee can obtain a property interest in employment either by contract terms or by a law precluding the employee from being terminated except on limited grounds. See Head v. Chicago Sch. Reform Bd. of Tr., 225 F.3d 794, 803 (7th Cir. 2000). When such a property interest exists, the employee may not be terminated without due process. Id. Plaintiff alleges she had a contract which included terms like any other certified teacher or administrator under the Illinois School Code. The Illinois School Code provides that teachers in contractual continued service can only be dismissed for cause. 105 ILCS 5/10-22.4, 24-12. A contract containing such terms would create a property interest in employment through the end of the contract term that cannot be terminated without due process. See Head, 225 F.3d at 803. Thus, a possible interpretation of the complaint exists that would state a claim.

Defendant advances several arguments concerning why the Illinois School Code does not apply to plaintiff or does not entitle her to due process. However, these arguments are not resolvable on this motion to dismiss. While the complaint is quite sketchy on exactly how plaintiff's contract provides her a protected property interest, she is not required to elaborate at this point. If defendant needs more information (i.e. where exactly can the terms of this contract be found and what are they) to answer, the proper response is to move for a more definite statement under Rule 12 (e). See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002). Summary judgment is the means to deal with claims lacking in merit. Id.

For the foregoing reasons, defendant's motion to dismiss is denied.[1]

---

[1] The court reminds plaintiff and her counsel that denial of a 12 (b) (6) motion is no endorsement of the merits of plaintiff's claim. While a set of facts could be imagined that would support plaintiff's claim, the existence of those facts does not appear very likely from what the court has seen so far. If plaintiff does not have a specific agreement applying the tenure provisions of the Illinois School Code to her or otherwise expressly making her employment during the contract term subject to termination only for cause, she would be well advised to abandon this lawsuit lest it be found to be frivolous.