UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, WESTERN DIVISION

| | |
|---|---|
| SYLVIA H. CARRIZALES, | ) |
| Plaintiff, | ) |
| vs. | ) NO. 03 C 50459 |
| THE BOARD OF EDUCATION OF THE ROCKFORD SCHOOL DISTRICT, NO. 205, | ) Magistrate Michael P. Mahoney |
| Defendant. | ) |

**DEPONENT'S RESPONSE TO PLAINTIFF'S RECORDS SUBPOENA AND MOTION TO QUASH AND FOR SANCTIONS PURSUANT TO THE FEDERAL RULES OF CIVIL PROCEDURE 11 AND 45**

NOW COMES the Deponent, "Lisa A. Leitter, P.C.," [sic], a duly licensed Illinois corporation, by and through one of its attorneys, LISA A. LEITTER, and for its response, motion to quash, and motion for sanctions regarding Plaintiff's records subpoena pursuant to FRCP 11 and FRCP 45, states as follows:

**A. GENERAL OBJECTIONS**

1. Plaintiff's records subpoena fails to adhere to the requirements of FRCP 4 and 4.1;[1] and,

2. Plaintiff's records subpoena fails to adhere to the requirements of FRCP 26; and,

3. Plaintiff's records subpoena fails to adhere to the requirements of FRCP 30(b)(6); and,

4. Plaintiff's records subpoena fails to adhere to the requirements of FRCP 31(a)(3); and,

---

[1] The subpoena was apparently signed by an attorney, Joyce O'Neill, who is not licensed to practice in any federal court. The subpoena was not properly issued nor properly served upon the deponent. (See subpoena attached as Exhibit "A").

5. Plaintiff's records subpoena fails to adhere to the requirements of FRCP 45(a)(1)(C)(D); FRCP 45(a)(2) and (3); FRCP 45(b) and (c); and,

6. Notwithstanding said objections, and without waiver of same, the documents and other tangible things Plaintiff's record subpoena seek are irrelevant to the instant action, except as otherwise attached. (See Exhibit "B").

7. Notwithstanding said objections, and without waiver of same, certain documents, records, information, and computer hardware and/or other tangible things which are arguably the subject of Plaintiff's record subpoena longer exist or are otherwise no longer within the deponent's custody and control, and therefore cannot be produced as intended by FRCP 45(a)(1)(c).

### B. OBJECTIONS AND FACTS SUPPORTING MOTION TO QUASH AND FOR SANCTIONS

8. Plaintiff's records subpoena requires disclosure of privileged or other protected matter and no exception or waiver applies to allow such disclosure. Plaintiff's subpoena must be quashed pursuant to FRCP 45(c)(3)(A)(i)(ii) and (iii); and/or,

9. Plaintiff's records subpoena is vague and ambiguous, or otherwise unduly burdensome in its scope of requested documents and other tangible things from a nonparty, or otherwise failed to allow reasonable time for compliance. Plaintiff's subpoena must be quashed pursuant to FRCP 45(c)(3)(A) (i) and (iv); and/or,

10. Plaintiff is able to obtain all documents requested from this deponent from other sources without undue hardship, and/or, has no substantial need for the documents and tangible things requested; and/or, already has in her possession (or had at one time in her possession) the

documents requested; and/or, or has not adequately compensated the deponent for the documents and other tangible materials requested prior to disclosure. Plaintiff's subpoena must be quashed and/or modified pursuant to FRCP 45( c)(3)(A); and/or,

11. Plaintiff and Plaintiff's attorney failed to adhere to the requirements of the Federal Rules in regard to the records subpoena. The subpoena was not issued by this Honorable Court or the clerk (or by an attorney as prescribed under FRCP 45(a)(3)). The subpoena was directed to a nonparty by mailing the subpoena to the deponent's presumed attorney. And the Plaintiff and Plaintiff's attorney, Joyce O'Neill, have not otherwise acted in good faith in making the requests contained in the subpoena. The Plaintiff and Plaintiff's attorney have instead, upon information and belief, interposed such requests for improper purposes, to harass the deponent, or to otherwise increase the costs of litigation and gain information not otherwise discoverable in another matter pending between the deponent and the Plaintiff. The conduct of the Plaintiff and Plaintiff's attorney in this regard is in direct violation of FRCP 11(a)(b)(1)(2). Sanctions should be imposed pursuant to FRCP 11( c), including but not limited to issuance of a rule to show cause, and/or reasonable attorneys' fees and costs of the deponent and other interested parties.

12. Plaintiff and Plaintiff's attorney, Joyce O'Neill, did not take reasonable steps to avoid imposing an undue burden or expense on the deponent subject to the subpoena improperly prepared and tendered, for the reasons contained herein. The conduct of the Plaintiff and Plaintiff's attorney in this regard is in direct violation of FRCP 45( c)(1), *et. seq*. Sanctions are warranted pursuant to FRCP 45( c)(1), including but not limited to reasonable attorneys' fees and costs of the deponent.

## C. RESPONSES AND DOCUMENTS

13. See general objections above. Notwithstanding all said objections, and without waiver of same, see Exhibit "B," attached.

14. See general objections above. Notwithstanding all said objections, and without waiver of same, any documents or tangible things which may still exist as requested in Plaintiff's subpoena are protected from disclosure by the attorney/client privilege and therefore, respectfully, cannot be produced. Such documents and other tangible things comprise a legal file containing confidential communications. Further, any computer directories or hardware or other tangible things still in the deponent's possession would necessarily contain confidential communications between the deponent and other clients of the law firm unrelated to this instant action.

15. See general objections above. Notwithstanding all said objections, and without waiver of same, any documents or tangible things which may still exist as requested in Plaintiff's subpoena are protected from disclosure by the attorney work product doctrine, and therefore, respectfully, cannot be produced. Such documents and other tangible things comprise the complete legal file containing the mental impressions and litigation strategies of the deponent, by and through its agents, or otherwise contain the deponent's work product and other confidential communications, research, secrets, commercial information, and unretained expert's opinion or information not describing specific events or occurrences in dispute resulting from the expert's study not made at the request of any party. Further, any computer directories, hardware, or other tangible things still in the deponent's possession would necessarily contain the mental impressions, litigation strategies, and/or confidential communications between the deponent and

other clients of the law firm unrelated to this instant action.

16. See general objections above. Notwithstanding all said objections, and without waiver of same, any documents or tangible things which may still exist as requested in Plaintiff's subpoena are subject to an Illinois common law retaining lien as agreed to between Plaintiff and deponent, pursuant to their July 17, 2002, contract for services. Therefore such documents and other tangible things cannot be produced at this time, until and unless the deponent is reasonably compensated for such production and adequately compensated for the destruction of its common law retaining lien as provided in FRCP 45 ( c)(1) and ( c)(3)(A).

17. See general objections above. Notwithstanding all said objections, and without waiver of same, any documents or tangible things which may still exist as requested in Plaintiff's subpoena are subject to an Illinois common law retaining lien as establish by controlling Illinois authority which has already been determined in another action pending between the deponent and Plaintiff. (See 03 AR 1253, Winnebago County, Illinois). Therefore such documents and other tangible things cannot be produced at this time, until and unless the deponent is reasonably compensated for such production and adequately compensated for the destruction of its common law retaining lien as provided in FRCP 45 ( c)(1) and ( c)(3)(A).

WHEREFORE, for the foregoing reasons, the deponent objects to production of documents, records, and other tangible things as requested in Plaintiff's Records subpoena, and hereby moves that the subpoena be quashed in its entirety; and/or, quashed and modified in part; and, for imposition upon Plaintiff and Plaintiff's attorney, Joyce O'Neill, sanctions in the form of a rule to show cause, and/or reasonable attorney's fees and costs; and, that deponent be granted leave to file an attorney's affidavit for costs and fees in connection with its preparation of this

Response, appearance in court, and related matters necessitated by Plaintiff's filing.

LISA A. LEITTER & ASSOCIATES, P.C.

BY: /s/ Lisa A. Leitter
LISA A. LEITTER

LISA A. LEITTER & ASSOCIATES, P.C.
The Morrissey Building
127 North Wyman St.
Rockford, IL 61101
815/967-8888 (telephone)
815/967-8866 (facsimile)