# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | P. Michael Mahoney | Sitting Judge if Other than Assigned Judge | P. Michael Mahoney |
|---|---|---|---|
| **CASE NUMBER** | 03 C 50459 | **DATE** | 10/22/2004 |
| **CASE TITLE** | Carrizales vs. Bd. of Ed., Rockford | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Deponent's Motion to Quash/Motion for Sanctions

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated on the attached Memorandum Opinion and Order, the court grants Deponent's Motion to Quash in part and denies it in part. Deponent's Motion for Sanctions is denied. Deponent is given seven days to file a privilege log with the court and to produce under Plaintiff's subpoena.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | OCT 22 2004 | 17 |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 10/22/2004 | |
| | | | date mailed notice | |
| AM | courtroom deputy's initials | | GG | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| SYLVIA H. CARRIZALES, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 03 C 50459 |
| | ) | |
| v. | ) | Magistrate Judge |
| | ) | P. Michael Mahoney |
| THE BOARD OF EDUCATION OF THE | ) | |
| ROCKFORD SCHOOL DISTRICT, | ) | |
| NO. 205, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Attorney Lisa A. Leitter, P.C. ("Deponent") has filed a Motion to Quash a subpoena served upon her for the production of records in her possession which are the property of her former client, Sylvia H. Carrizales ("Plaintiff"). Deponent also seeks sanctions pursuant to Fed. R. Civ. P. 11 and 45(c)(1). For the following reasons, Deponent's Motion to Quash is granted in part and denied in part. Deponent's Motion for Sanctions is denied.

I.  **Background**

Plaintiff filed suit against the Board of Education of the Rockford School District, No. 205, ("Defendant") alleging breach of her employment contract (Count I) and an action under 42 U.S.C. § 1983 claiming a denial of procedural due process in the termination of her employment (Count II). Defendant removed the case to this court pursuant to 28 U.S.C. § 1441(a). Plaintiff has survived a Motion to Dismiss, and the parties are in the discovery stages of the case.

1

Plaintiff is currently represented by Attorney Joyce O'Neill, and has been so represented since this matter was removed to federal court. However, at some point prior to removal, Deponent Leitter represented Plaintiff, and apparently, retains records concerning Plaintiff's case against Defendant. On August 2, 2004, Plaintiff served Deponent with a Subpoena for Records Only, to be produced August 16, 2004. Plaintiff's request is as follows:

> Any and all records, including but not limited to, a copy of the complete file, any draft of a complaint, documents or notes stored on computer or any other source of record keeping, that you have in possession concerning representation of Sylvia Carrizales with her complaint against the Defendant Rockford School District No. #205.

On August 19, 2004, in response to Plaintiff's subpoena, Deponent filed the Motion to Quash currently before the court.

## II. Analysis

Deponent raises several objections to Plaintiff's records request in her motion. The court will address Deponent's two arguments meriting comment. First, Deponent raises the issue of attorney-client privilege. Second, Deponent objects to turning over any documents or tangible things that are subject to an Illinois common law retaining lien for fees unpaid.

### A. Privileged Documents

Deponent argues that Plaintiff's records subpoena requires disclosure of privileged materials, and as such should be quashed under Fed. R. Civ. P. 45(c)(3)(A)(iii).[1] Deponent asserts that Plaintff's requested legal files contain confidential communications and mental

---

[1] Deponent also objects to disclosing an un-retained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, pursuant to Fed. R. Civ. P. 45(c)(3)(B)(ii).

2

impressions/litigation strategies of the Deponent, and also confidential communications between the Deponent and other clients of the law firm unrelated to this instant action.

The vagueness of Deponent's motion hinders the court's ability to evaluate her claim. While privileged materials may indeed be at issue, this court begins with the proposition that whoever asserts a privilege has the burden of proving that the information sought by the subpoena is privileged. As such, when a subpoenaed party seeks to withhold information believed to be privileged, the party must expressly claim the privilege and describe the nature of the documents, communications, or things not produced in sufficient detail that the court and parties can assess the privilege. Fed. R. Civ. P. 45(d)(2).

The court also reminds Deponent that the client is the ultimate holder of the attorney-client privilege and, thus, the person who is entitled to decide whether to claim or waive the privilege. From the facts presented to this court in the instant case, it may be fairly implied that Plaintiff has waived her rights to assert an attorney-client privilege, and any objection to production by Deponent on these grounds will fail. However, if Deponent has been directed to assert a privilege on behalf of another client, then she must do so with the specificity required by the Federal Rules. Consequently, Deponent's Motion to Quash on the grounds of privilege is denied, and the court directs Deponent to submit a privilege log with the court within seven days of receipt of this Order if any client asserts a privilege claim as to any of the documents ordered produced under the subpoena.

B.     **Attorney's Retaining Lien**

Deponent resists producing any materials under Plaintiff's request until and unless she is reasonably compensated for such production and adequately compensated for the destruction of

her common law retaining lien. Federal common law does not recognize an attorney's retaining lien, but federal courts will apply the common law of the state in which the court sits. Illinois common law recognizes an attorney retaining lien. This lien allows an attorney to retain papers and property of a client until the attorney fees are paid or the client posts a security for payment. *See Lucky-Goldstar Int'l, Inc. v. Int'l Manuf. Sale Co., Inc.*, 636 F. Supp. 1059, 1061-63 (N.D. Ill. 1986). Attorney fee disputes between the lawyer and the client would be decided by an Illinois state court, although on some occasions it is the federal court that would decide the fee issue. *See, e.g., Riva Technologies, Inc. v. Zack Elec., Inc.*, 2002 WL 1559584 (N.D. Ill. July 15, 2002)(discussing supplemental jurisdiction over fee disputes).

Counterbalancing the lien is the need of the party to pursue her lawsuit. Both the court and the former client have an obligation to make sure the lawsuit proceeds in a fair and reasonable manner. A disgruntled attorney does not have the right to disrupt a court's calendar and frustrate their former client's chances of success, nor is a disgruntled client justified in not paying an attorney a reasonable fee for services rendered.

There has been developed a seven part test to determine if a retaining lien should be sustained. Under *Lucky-Goldstar*, the court will consider:

> [1] the financial situation of the client, [2] the sophistication of the client, [3] whether the fee is reasonable, [4] whether the client clearly understood and agreed to pay the amount now owing, [5] whether imposition of the retaining lien would prejudice the important interests of the client or other parties, [6] whether failure to impose the lien would result in fraud or gross imposition by the client, and [7] whether there are less stringent means by which this matter can be resolved or by which the amount owing can be secured.

636 F. Supp. at 1063. If at any time upholding the lien would prejudice the former client and

frustrate the orderly disposition of justice in court, the lien must give way. If, on the other hand, the former client is a sophisticated litigator who can afford a surety bond, then some type of posting should be in order.

In this situation, the Plaintiff is not a sophisticated litigator and is far from well-healed. Balancing the needs of the parties and the need of the district court to manage its calendar, it is the order of the court that Deponent, within seven days of this Order, turn over all documents to the former client which are necessary for the client to pursue her cause of action. (This analysis is, of course, shamelessly plagiarized from Judge Grady's analysis in *Lucky-Goldstar Int'l, Inc. v. Int'l Manuf. Sale Co., Inc.*, 636 F. Supp. 1059 (N.D. Ill. 1986)).

### III. Sanctions

Given the above, Deponent's Motion for Sanctions pursuant to the Federal Rules is unwarranted.

### IV. Conclusion

For the foregoing reasons, the court grants Deponent's Motion to Quash in part and denies it in part. Deponent's Motion for Sanctions is denied. Deponent is given seven days to file a privilege log with the court and to produce under Plaintiff's subpoena.

ENTER:

_____
P. MICHAEL MAHONEY, MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT

DATE: 10/22/04